

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

June 28, 1956


Honorable J. Earl Rudder
Commissioner, General Land
   Office
Austin, Texas

Opinion No. S-206

Re: Refund of annual advance pay-
ments held in suspense on
mineral awards under Articles
5388, et seq., V.C.S., upon
forfeiture for failure to
file the required affidavit
of assessment.

Dear Mr. Rudder:

Recently you have made an opinion request of this office as follows:

"This office desires your official opinion regarding the refund of annual payments on mineral awards under Articles 5388, et seq., duly paid within the month of January, but which awards have become subject to forfeiture for failure to file the proper affidavits of assessment work required to have been done during the calendar year of 1955.

"On July 29, 1955, a group of mineral awards were made to John, George and S.J. McSpadden on Section 132, Block 3, D & P Ry Co. Survey, Presidio County, which has been sold as school land with a reservation of all minerals thereon and thereunder."

Your request indicates that initial payments for the awards were made by the awardees at the time of their acquisition. Your request further shows that you

are concerned over advance payments made under Article 5395, Vernon's Civil Statutes.

Your request continues:

"On January 27, 1956, this office received from John S. McSpadden payment to cover the statutory payments on the awards for the claims in question, but to date no affidavit of assessment work has been filed showing that the required assessment work was done during the calendar year of 1955.

"It is my interpretation of the law that these claims are subject to forfeiture for failure to file the correct affidavit of assessment work, and they have been so forfeited. . . .

"The payment in question was deposited in the suspense account when it was received pending the filing of the proper affidavit of assessment work. . . ."

You then in substance ask the following question: Am I required by statute to forfeit the payments received January 27, 1956, which payments have been placed in suspense?

The requirements concerning annual assessment work appear in Article 5394, V.C.S., reading in part as follows:

". . . if an award is issued prior to the first day of October of any year the first annual assessment work shall be done before the end of that calendar year, and during the month of January following, such owner shall file in the Land Office his affidavit that such work has been done and shall state the extent thereof. Such owner shall, during each succeeding calendar year beginning January first next after the date of such award, perform the required annual assessment work and file an affidavit thereof as in the first instance. . . ."

Provision for annual advance rental is made in Article 5395, viz:

"The owner of each claim shall pay fifty (50) cents per acre annually in advance after the award and during the month of each succeeding January of each year thereafter: . . ."

Article 5397, V.C.S., calls for forfeiture of awards as follows:

"If the locator or owner of any claim obtained under this law shall fail or refuse to make the payment of any sum within thirty days after it becomes due. . . or refuse to give correct information to the proper authority or knowingly fail or refuse to furnish the Land Office all correct reports required by this law, the rights acquired under the location or claim shall be subject to forfeiture by the Commissioner. . . ."

Under Article 5395, if forfeiture is to be avoided, advance rentals must be paid to the State each successive January. This requirement is in addition to the development work called for by Article 5394. Failure to meet the obligation imposed by either of these Articles is reason, among others, for forfeiture under Article 5397. Thus, rental payment and assessment affidavits are both required, and failure to comply with the statutes in either regard results in forfeiture. The rentals belong to the State upon receipt and the statutes are silent as to refund in the event of forfeiture for any of the reasons set forth in Article 5397. Evidently you placed the advance rental in suspense under the provisions of Article 4388, V.C.S. As this rental belonged to the State and its status was not undetermined you should have deposited same into the proper fund in the State Treasury upon its receipt.

The rule is well established that advance payments of fees, taxes, etc., may not be prorated and a refund made where the payee either forfeits or voluntarily surrenders the privilege for which the advance payment was

made unless, of course, the statutes under which the payments were made specifically so provide. See Attorney General's Opinions Nos. 0-6302, 0-7113 and S-199.

The same result obtains upon the application of the law of ordinary rental payments. The rule is stated in 32 American Jurisprudence, Landlord and Tenant, Section 875, page 741:

"A forfeiture of the term does not release the tenant from liabilities under the lease which had accrued at the time of the forfeiture. He remains liable for rent accrued at that time, including, according to the generally accepted view, accrued rent payable in advance, though the forfeiture occurs before the period to be covered by such advance payment; a fortiori, where rent has been paid in advance, under an agreement that it shall be so paid, and the lessor re-enters for conditions broken, he is entitled to retain the rent so paid."

The Texas courts have adhered to this rule in such cases as Collier v. Wages, 246 S.W. 743 (Tex.Civ. App., 1922) and Dearborn Stove Co. v. Caples, 149 Tex. 563, 236 S.W.2d 486 (1951).

It is, therefore, the opinion of this office that advance payments on mineral awards are not refundable under the fact situation recited above.

## SUMMARY

Annual advance payments on
mineral awards issued pursuant to
Articles 5388, et seq., V.C.S., are
not refundable, in whole or in part,

upon forfeiture of the award for
failure of the awardee to file the
required affidavits of assessment
work.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

J. Arthur Sandlin
Land Division

By *Robert E. Anderson*

Robert E. Anderson
Assistant

W. V. Geppert
Reviewer

Mary K. Wall
Reviewer

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

REA:bt